IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00319-FDW
(3:08-cr-00125-FDW-1)

| | |
|---|---|
| CHARLES RAYNARD WRIGHT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which is filed through counsel pursuant to 28 U.S.C. § 2255, and the Government's Response in support of sentencing relief. For the reasons discussed herein, Petitioner's § 2255 Motion to Vacate will be granted.

I. BACKGROUND

On May 29, 2008, Petitioner was indicted on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he subsequently entered a guilty plea without benefit of a plea agreement. (3:08-cr-00125, Doc. No. 1: Bill of Indictment). In Petitioner's presentence report ("PSR"), the probation officer concluded that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) ("ACCA"), and USSG § 4B.1.4, based on three or more convictions for violent felonies. (Id., Doc. No. 22: PSR ¶ 24). On June 2, 2010, Petitioner was sentenced pursuant to § 924(e) to the mandatory minimum term of 180-months' imprisonment. (Id., Doc. No. 28: Judgment). Petitioner's judgment was affirmed on appeal. See United States v. Wright, 426 F. App'x 187 (4th Cir. 2011).

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his § 2255 Motion to Vacate, Petitioner challenges his designation as an armed career criminal contending that in light of legal authority decided after his sentence was imposed, he no longer has the predicate convictions to support his sentence under the ACCA. (3:15-cv-00319, Doc. No. 11: Response Motion to Vacate). The Government has filed a response and agrees that Petitioner is entitled to sentencing relief on this basis. (Id., Doc. No. 12: Government's Response).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) ("The closing words of this definition, italicized above, have come to be known as the Act's

residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii). In Johnson, the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

The Government concedes that Petitioner no longer has the predicate felonies to support his sentence under the ACCA. Specifically, the Government notes that Petitioner's convictions for common law robbery no longer qualify as violent felonies in light of the Fourth Circuit's recent opinion in United States v. Gardner, 823 F.3d 793, 797 (4th Cir. 2016), in which the Court held that common law robbery in North Carolina does not categorically qualify as a violent felony.

Based on the foregoing authority, the Court finds that Petitioner no longer qualifies as an armed career criminal, and his sentence will be therefore be vacated.

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's Motion to Vacate should be granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate is **GRANTED** and his sentence will be **VACATED** for the reasons stated herein, and an amended judgment shall be issued following a resentencing hearing.

2. Respondent's motion for extension of time to file a response is **GRANTED**. (Doc. No. 6).

3. Petitioner's motion for extension of time to file a response is **GRANTED**. (Doc.

No. 8).

4. Petitioner shall remain in the Bureau of Prisons pending his resentencing hearing.

5. The Federal Defender shall represent Petitioner for his resentencing hearing.

6. The U.S. Probation Office shall prepare a Supplemental Presentence Report and file the same in the criminal case.

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: August 22, 2016

Frank D. Whitney
Chief United States District Judge